IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 04-cv-02287-PSF-BNB

TYRONE W. ALLEN,
JAMES BAILEY,
SENECA NICHOLSON, and
A CLASS OF SIMILARLY SITUATED INDIVIDUALS,

Plaintiffs,

v.

INTERSTATE SALES & SERVICE AUTO BROKERS,
SECURITY CAPITAL FUNDING,
FAR SIDE FINANCE, LLC,
DON MASSEY CADILAC, INC., and
AMERICREDIT FINANCIAL SERVICES,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me pursuant to my Order to Show Cause dated June 8, 2005 (filed June 9, 2005). For the following reasons, I respectfully RECOMMEND that this action be DISMISSED in its entirety.

The plaintiffs, proceeding *pro se*, commenced this action on November 3, 2004, by filing a document entitled "First Amended Complaint." The First Amended Complaint is brought on behalf of plaintiffs Allen, Bailey, Nicholson, "and a class of similarly situated individuals." The First Amended Complaint consists of twelve pages of allegations, many of them redundant. The First Amended Complaint alleges violations of (1) the Truth in Lending Act, (2) 42 U.S.C. § 1981, (3) Colorado criminal statutes, (4) the Colorado Consumer Credit Code, (5) "Colorado laws regarding usury," and (6) the Equal Credit Opportunity Act. The alleged violations are

dispersed throughout the twelve pages of the First Amended Complaint; the causes of action are not separately delineated. The alleged violations stem from two separate transactions. One transaction involves plaintiffs Allen and Nicholson and defendants Don Massey Cadillac and Americredit Financial Services.[1] The second transaction involves plaintiff Bailey and defendants Interstate Sales and Service Auto Brokers; Security Capital Funding; and Far Side Finance, LLC. The two transactions are completely unrelated.

On December 22, 2004, the plaintiffs tendered for filing a document entitled "Third Amended Complaint."[2] Despite its title, the proposed Third Amended Complaint is actually the plaintiffs' first attempt at filing an amendment to the initial complaint. The proposed Third Amended Complaint is brought on behalf of plaintiffs Allen, Bailey, Nicholson, "and a class of similarly situated individuals." The proposed Third Amended Complaint incorporates allegations from a Second Amended Complaint and alleges violations similar to those alleged in the First Amended Complaint. The alleged violations arise out of a transaction between plaintiff Allen and three additional proposed defendants--BankOne of Lakewood, Budget Auto Sales, and R&R Investigative Recovery Services.

Defendant Don Massey Cadillac filed a motion to dismiss the First Amended Complaint on December 5, 2004. On March 11, 2005, defendant Security Capital Funding filed a motion for summary judgment based on the allegations of the Third Amended Complaint and a Second Amended Complaint. On March 16, 2005, defendant Far Side Finance, LLC, filed a motion for

---

[1] Although plaintiff Allen and plaintiff Nicholson are named in the same transaction, the First Amended Complaint does not allege any wrong to plaintiff Nicholson.

[2] On April 27, 2005, the district judge directed the plaintiffs to file a motion for leave file the Third Amended Complaint. The plaintiffs filed a motion for leave to amend on May 3, 2005.

summary judgment based on the allegations of the Third Amended Complaint and a Second Amended Complaint. On March 25, 2005, the owner of defendant Interstate Sales and Service Auto Brokers filed a one paragraph motion to dismiss. The record reflected that defendant Americredit Financial Services was never served.

Because the state of the record was confusing, I set a status conference for May 4, 2005. Plaintiff Allen appeared *pro se*. Plaintiffs Bailey and Nicholson did not appear. During the hearing, defense counsel stated that the plaintiffs served upon them a document entitled "Second Amended Complaint." The "Second Amended Complaint" was never filed with the Court. Plaintiff Allen acknowledged that he served a "Second Amended Complaint" on the defendants and that it was never filed with the Court.

I denied the plaintiffs' motion for leave to file the Third Amended Complaint, and I noted several deficiencies with the First Amended Complaint. I deemed moot the defendants' dispositive motions and ordered the plaintiffs to submit a Fourth Amended Complaint which complied with the requirements of Fed. R. Civ. P. 8. I specifically required the plaintiff to set out each claim for relief separately. In addition, I specifically directed that the Fourth Amended Complaint meet the following requirements:

> (1) The Fourth Amended Complaint shall contain a short and plain statement of the grounds upon which the Court's jurisdiction depends; a short and plain statement of each claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. The Fourth Amended Complaint shall provide the defendants with fair notice of what the claims against them are and the grounds upon which those claims are based. Each allegation of the Fourth Amended Complaint shall be simple, concise and direct;
>
> (2) Each claim for relief contained in the Fourth Amended Complaint shall identify the party or parties on whose behalf the

> claim is asserted; shall identify the particular defendant or defendants against which the claim is asserted; and shall briefly and concisely allege the facts upon which the claim is based;
>
> (3) The Fourth Amended Complaint shall stand alone and shall not incorporate by reference any of the previous complaints or any other document. Each claim by each plaintiff and against each defendant which the plaintiffs seek to assert shall be fully, though concisely, state in the Fourth Amended Complaint; and
>
> (4) The Fourth Amended Complaint shall be typewritten and double-spaced.

*Order entered May 4, 2005* (filed May 5, 2005), pp. 1-2.

Citing Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321, (10th Cir. 2000), I cautioned the plaintiffs that they may not act as counsel for a putative class "because the competence of a laymen is clearly too limited to allow him to risk the rights of others," and I told Mr. Allen that if the Fourth Amended Complaint were filed on behalf of a class of persons, a lawyer had to sign the complaint. Plaintiff Allen agreed that *pro se* plaintiffs cannot bring a class action, and he stated that he had retained counsel for the purposes of maintaining a class action. I shared my concerns that Messrs. Allen and Bailey's claims did not appear to be sufficiently related to be joined together in the same complaint. I further cautioned the plaintiffs that their failure to comply with my orders and the pleading requirements of Rule 8 could result in the dismissal of this action.

The plaintiffs filed their Fourth Amended Complaint on June 3, 2005. The Fourth Amended Complaint fails to comply with the pleading requirements of Rule 8 and with my orders. Indeed, the Fourth Amended Complaint is merely a compilation of the First Amended Complaint and the Third Amended Complaint. There are no discreet claims for relief; the claims for relief are dispersed throughout the text of the fourteen pages of the Fourth Amended

Complaint.  The Fourth Amended Complaint is still brought on behalf of "a class of similarly situated individuals" despite the plaintiffs' failure to obtain representation of counsel.

The local rules of this court provide:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the federal rules of civil or criminal procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Pursuant to Rule 41.1, I ordered the plaintiffs to show cause why this case should not be dismissed for failure to follow the Federal Rules of Civil Procedure and for failure to follow my orders regarding the filing of the Fourth Amended Complaint.  The plaintiffs responded to the show cause order by arguing that their claims are adequately presented because their "Original Complaint and amendments provided enough intelligible information to permit the parties named thereto to file responses to the allegations." *Response* [sic] *Order to Show Cause and Objection to the Participation of the Magistrate Judge* (the "Response"), filed June 22, 2005, p. 3.  To the contrary, the defendants' responses to the original complaint demonstrate the confusion generated by the plaintiffs' pleadings.  *Defendant Don Massey Cadillac, Inc.'s Motion for Hearing*, filed February 4, 2005, p. 2, ¶ 3 (requesting a hearing because the complaint "is fraught with a myriad of procedural errors and claims for class action, requests for temporary restraining orders, as well as joinder of claims by disparate parties not entitled to a consolidation of their respective cases"); defendant Security Capital Funding Corporation's ("SCFC's") *Motion for Summary Judgment*, filed March 11, 2005, p. 2, ¶ 3 (noting that "plaintiffs are apparently unsure of SCFC's involvement.  Paragraphs 18 through 21, acknowledge that

5

plaintiff's do not know what involvement, if any, SCFC had in the transaction. The naming of SCFC as a defendant was apparently based solely upon SCFC's name having appeared on a document received by plaintiff, Bailey, from defendant, Interstate Sales & Service"); *Defendant Bank One's Answer to the Plaintiffs' Third Amended Complaint*, filed March 23, 2005, p. 2, n.1 (answering the allegations of a Second Amended Complaint, which was never filed with the Court); *Answer* filed by defendant Far Side Finance, LLC on March 23, 2005 (answering the allegations of a Second Amended Complaint and a Third Amended Complaint, neither of which was filed with the Court); and *Answer* filed by defendant Security Capital Funding Corporation on March 23, 2005 (answering the allegations of a Second Amended Complaint and a Third Amended Complaint, neither of which was filed with the Court).

The plaintiffs further argue that their pleadings should be construed liberally and that they should be given a reasonable opportunity to remedy defects in their pleadings because they are proceeding *pro se*. However, the plaintiffs have been provided ample opportunity to file a comprehensible complaint. Moreover, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Finally, the plaintiffs object to my participation in this case. To the extent the plaintiffs seek my recusal or disqualification, they provide no basis for such request. 28 U.S.C. §§ 144, 455.

The plaintiffs, after repeated opportunities to do so, have utterly failed to provide this Court and the defendants with a complaint that is capable of being understood, complies with Fed. R. Civ. P. 8, and complies with my orders. Moreover, the plaintiffs have failed to show

good cause for their failure.

I respectfully RECOMMEND that this case be DISMISSED in its entirety for failure to comply with the local rules of this Court and the Federal Rules of Civil Procedure; for failure to comply with orders of this Court; and for failure to show cause.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 28, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge