IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02287 (BNB)

TYRONE W. ALLEN,
JAMES BAILEY,
SENECA NICHOLSON, and
A CLASS OF SIMILARLY SITUATED INDIVIDUALS,

      Plaintiffs,

v.

INTERSTATE SALES & SERVICE AUTO BROKERS,
SECURITY CAPITAL FUNDING,
FAR SIDE FINANCE, LLC,
DON MASSEY CADILLAC INC. and
AMERICAN FINANCIAL SERVICES,

      Defendants.
_____

**ORDER ON JUNE 28, 2005 RECOMMENDATION OF MAGISTRATE JUDGE**
_____

      This matter comes before the Court on the Recommendation of the Magistrate Judge entered on June 28, 2005. Plaintiffs filed a timely objection to the recommendation on July 7, 2005 (Dkt. # 65). As the matter before the Magistrate Judge is a dispositive one, this Court makes a *de novo* determination pursuant to Rule 72(b), F.R.Civ.P. The matter is ripe for determination by this Court.

      The Recommendation of the Magistrate Judge, together with the show cause Order entered by him on June 5, 2005, adequately summarize the procedural background of this matter and will not be repeated here. Simply put, the Magistrate Judge has found that the "Fourth Consolidated Amended Complaint Upon Order and

Leave of Court " filed in this case by the *pro se* plaintiffs does not meet the requirements of Rule 8(a), F.R.Civ.P. by providing a "short and plain statement of the claim showing that the pleader is entitled to relief."

Prior to reaching this conclusion, the Magistrate Judge gave plaintiffs the opportunity to file an amended complaint, and they did so on June 3, 2005 by filing the Fourth Amended Complaint.  However, as the Magistrate Judge found, the Fourth Amended Complaint was primarily a compilation of the prior filings made by plaintiffs. This Court has made an independent review of the Fourth Amended Complaint, and agrees with the Magistrate Judge that there is no indication of exactly what claims plaintiffs are making, how many claims plaintiffs are making, which claims relate to which plaintiff, or how the different plaintiffs are connected to each other.  The plaintiffs have not made clear how they are in compliance with Rule 20(a), F.R.Civ.P., which allows joinder of different persons in one suit provided certain requirements are met.  In addition, the prayer for relief in the Fourth Amended Complaint does not specify against which of the several defendants the relief is sought, or which plaintiff is entitled to which relief.

The Magistrate Judge has stated that the Fourth Amended Complaint continues to be pled as a class action.  The plaintiffs have denied this.  *See* Objection at 3, n.2. Although the caption of the Fourth Amended Complaint still describes the plaintiffs as part of "a class of similarly situated indivisiduals [sic]," and paragraphs 9 and 10 of the Fourth Amended Complaint aver widespread wrongdoing by some of the defendants, the Court does not find allegations in the Fourth Amended Complaint tantamount to seeking class action status.  Nonetheless that does not save the pleading from being

noncompliant with Rule 8(a).

The Court recognizes that plaintiffs are appearing *pro se*, but that fact does not excuse compliance with the Rules of Civil Procedure.  As stated in *Gibson v. Cripple Creek, Colo.*, 1995 WL 94483 at *1 (10th Cir., Nov. 1, 1995), "It is true that *pro se* pleadings are to be construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers.  Nevertheless, it is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." (Citations and quotation marks omitted).  A *pro se* litigant must still comply with the Federal Rules of Civil Procedure.  *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).

The Court notes that the plaintiffs' recently filed Objection is quite well-written, containing cogent arguments and correct legal citations, as well as a relatively clear statement of what plaintiffs now claim they were seeking in their latest iteration of the complaint.  It appears that plaintiffs may have some assistance from one with legal training.  Nonetheless, the Objection cannot substitute for a properly drafted complaint.

Accordingly, the Recommendation of the Magistrate Judge is accepted by this Court, the Objections filed by plaintiffs (Dkt. # 65) is OVERRULED, and the Court orders that the Fourth Amended Complaint be and hereby is DISMISSED without prejudice for failure to comply with Rule 8(a), F.R.Civ.P.

DATED: July 11, 2005.

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa

United States District Judge